**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| ADAM WAY,<br><br>       **Plaintiff,**<br><br>   v.<br><br>ARETE AUTOMOBILI CORPORATION,<br>et al.<br><br>       **Defendants.** | **Civil Action No. 20-13646 (GC)**<br><br>**REPORT AND RECOMMENDATION** |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court based on Plaintiff's application to hold Defendants in civil contempt and for an arrest warrant to issue for Defendant Vitaly Fargesen for knowingly violating the Court's Order of June 3, 2022 (Docket Entry No. 36), granting Plaintiff's Motion to Enforce Litigant's Rights (the "Enforcement Order). (*See* Pl. Letter Application of 6/23/2022; Docket Entry No. 36). In light of Plaintiff's application, on July 12, 2022, the Court entered a Letter Order to Show Cause (the "First OTSC"), requiring Defendants to appear in person at 402 East State Street, Trenton, New Jersey 08608, Courtroom 6E on August 11, 2022 to show cause why they should not be held in contempt. (Docket Entry No. 37). The First OTSC also required Defendants to submit a written explanation by August 5, 2022, outlining why they should not be held in contempt. (*Id*. The Court served the First OTSC on Defendants by both Regular and Certified Mail by mailing it to Defendant Vitaly Fargesen's residence. Importantly, said residence was used by Mr. Fargesen to secure a $3 million personal recognizance bond in an ongoing criminal matter pending against him in the United States District Court for the Southern District

of New York.  (Cert. of Counsel; Docket Entry No. 36-1, ¶4).[1]  While the certified mailing went unclaimed, the regular mailing was not returned by the Postal Service, and, therefore, was presumably received by Defendants.  Nevertheless, despite having been served with the First OTSC, Defendants neither submitted the required written explanation, nor appeared in person on August 11, 2022 as directed.  They failed to do so despite being warned that said failure could result in a warrant being issued for their arrest, in addition to the imposition of both monetary and non-monetary sanctions.

Given Defendants' failure to appear, the Court was unable to conduct the show cause hearing.  Instead, the Court held a brief telephone conference with Plaintiff's counsel regarding the matter.  While recognizing Plaintiff's interest in having this matter resolved, the Court determined that it would provide Defendants with one final opportunity to respond to appear in person before the Court to resolve their apparent failure to comply with the Enforcement Order.  As a result, on August 12, 2022, the Court entered a second Letter Order to Show Cause (the "Second OTSC"), requiring Defendants to appear in person at 402 East State Street, Trenton, New Jersey 08608, Courtroom 6E on September 12, 2022 to show cause why they should not be held in contempt until full and complete answers to the Information Subpoenas are furnished.  (Docket Entry No. 39).  Via the Second OTSC, the Court also directed Defendants to submit a written explanation outlining why they should not be held in contempt by September 7, 2022.  (*Id*.)  As with the First OTSC, the Court served the Second OTSC on Defendants by both Regular and Certified Mail by mailing it to Defendant Vitaly Fargesen's residence, and, as with the First OTSC, while the certified mailing went unclaimed, the regular mailing was not returned by the Postal

---

[1] Further, according to the Complaint, Fargesen is believed to be "the sole principal, operator, and registered agent of Arete[,]" and Arete is believed to be "Fargesen's alter ego, and Fargesen's sole operation and control of Arete is an abuse of the corporate form to advance his personal interests."  (Compl. ¶¶ 7, 8).

Service, and, therefore, was presumably received by Defendants. Again, despite having been served with the Second OTSC, Defendants neither submitted the required written explanation, nor appeared in person on September 12, 2022 as directed, and again, they failed to do so despite being warned that said failure could result in a warrant being issued for their arrest, in addition to the imposition of both monetary and non-monetary sanctions.

Herein, the Court addresses Defendants' failure to respond to the Information Subpoenas and comply with the Enforcement Order and the Court's First and Second OTSC. The Court does so on a Report and Recommendation basis pursuant to FED.R.CIV.P. ("Rule") 72(b)(1) because of the nature of the sanction being imposed. For the reasons that follow, it is respectfully recommended that the District Court enter an Order to Show Cause requiring Defendants to appear in person on a date convenient to the District Court, to show cause why they should not be held in contempt pursuant to Rule 45(g). Further, should Defendants fail to appear before the District Court, the Court recommends that the District Court adjudge Defendants to be in contempt both for their failure to comply with the Court's Orders and the Information Subpoenas issued by Plaintiff, issue a warrant for Defendant Vitaly Fargesen's arrest, hold him in custody until he purges Defendants of their contempt, and impose any other monetary or non-monetary sanctions that the District Court deems warranted.

## I.    Discussion

Pursuant to Rule 45(g), "[t]he court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." The undersigned's contempt power is outlined in 28 U.S.C. § 636(e). In a case such as this, in which the parties have not consented to the magistrate judge's jurisdiction, the Magistrate Judge "shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person

whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified." 28 U.S.C. § 636(e)(6). After the Magistrate Judge so certifies, "[t]he district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge." *Id.*

"'The certification of facts under Section 636(e) serves to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt.'" *Cupolex Building Systems, USA, LLC v. Varsity Slab Solutions*, Civil Action No. 16-3200 (CCC), 2018 WL 4922362, at *1 (D.N.J. July 6, 2018) (quoting *Brother v. BFP Inves., Ltd.*, No. Civ. A. 03-60129, 2010 WL 2978077, at * (S.D. Fla. June 1, 2010). "In order to establish that a party is liable for civil contempt, the moving party must prove three 'elements: (1) that a valid order of the court existed; (2) that the [alleged contemnor] had knowledge of the order; and (3) that the [alleged contemnor] disobeyed the order.'" *Secretary of Labor v. Altor, Inc.*, 783 Fed.Appx. 168, 171 (3d Cir. 2019) (quoting *Marshak v. Treadwell*, 595 F.3d 478, 485 (3d Cir. 2009) (quotation marks omitted)). "These 'elements must be proven by clear and convincing evidence, and ambiguities must be resolved in favor of the party charged with contempt.'" *Id*. (quoting *John T. v. Del. Cty. Intermediate Unit*, 318 F.3d 545, 552 (3d Cir. 2003) (quotation marks omitted)).

In accordance with 28 U.S.C. § 636(e), the Court certifies the following facts to the District Court:

1. By letter dated April 22, 2022, Plaintiff served Information Subpoenas on Defendants. (Docket Entry No. 22-1).

2. Despite being served with the Information Subpoenas, Defendants failed to respond to same. Given Defendants' failure to respond to the Information Subpoenas, on May 13, 2022, Plaintiff filed a Motion to Enforce Litigants Rights. (Docket Entry No. 33).

3.  On June 3, 2022, the Court granted Plaintiff's Motion to Enforce Litigants Rights, entering the Enforcement Order.  (Docket Entry No. 35).

4.  Despite being served with the Enforcement Order, Defendants failed to comply with same.  Given said failure, on June 23, 2022, Plaintiff filed an application to hold Defendants in civil contempt and for an arrest warrant to issue for Defendant Vitaly Fargesen for knowingly violating the Enforcement Order.  (Docket Entry No. 36).

5.  On July 12, 2022, the Court entered the First OTSC, requiring Defendants to appear in person at 402 East State Street, Trenton, New Jersey 08608, Courtroom 6E on August 11, 2022 to show cause why they should not be held in contempt, and to submit a written explanation by August 5, 2022, outlining why they should not be held in contempt.  (Docket Entry No. 37).

6.  Despite being served with the First OTSC, Defendants failed to both submit the written explanation by August 5, 2022 and appear in person on August 11, 2022.

7.  Given Defendants' failure to comply with the First OTSC, the Court entered the Second OTSC, requiring Defendants to appear in person at 402 East State Street, Trenton, New Jersey 08608, Courtroom 6E on September 12, 2022 to show cause why they should not be held in contempt until full and complete answers to the Information Subpoenas are furnished, and to submit a written explanation outlining why they should not be held in contempt by September 7, 2022.  (Docket Entry No. 39).

8.  Despite being served with the Second OTSC, Defendants failed to both submit the written explanation by September 7, 2022 and appear in person on September 12, 2022.

## II.  Analysis

As noted above, in order for a contempt order to be warranted, a Plaintiff must show by clear and convincing evidence "(1) that a valid order of the court existed; (2) that the [alleged contemnor] had knowledge of the order; and (3) that the [alleged contemnor] disobeyed the order." *Secretary of Labor v. Altor, Inc.*, 783 Fed.Appx. at 171 (3d Cir. 2019) (internal quotation marks and citation omitted).  The Court finds that these elements have been satisfied.

Here, at least four valid court orders exist.  First, "a subpoena is a valid order of the court." *Cupolex*, 2018 WL 4922362, at *3 (citing *Waste Conversion, Inc. v. Rollins Envtl. Servs.*, 893 F.2d 605, 608-09 (3d Cir. 1990)).  Rule 45(a) sets forth the general requirements of a subpoena.  Based

on the evidence before the Court, Plaintiff's Information Subpoenas satisfy these requirements and are, therefore, facially valid. Second, on June 3, 2022, the Court entered the Enforcement Order. This order is likewise facially valid. Third, on July 12, 2022, the Court entered the First OTSC, another facially valid order. Fourth, on August 12, 2022, the Court entered the Second OTSC, yet another facially valid order.

Further, there is clear and convincing evidence that Defendants were served with the Orders referenced above. In this regard, Plaintiff submitted proof of service of the Information Subpoenas on Defendants. (*See* Cert. of Counsel ¶¶ 3-6, Docket Entry No. 33-1). Further, the Enforcement Order was served on Defendants by Regular Mail. Moreover, the undersigned directed the Clerk of the Court to serve Defendants with the First and Second OTSC by sending a copy of same to them by both Regular Mail and Certified Mail, Return Receipt Requested. While the certified mailings went unclaimed, the regular mailings were not returned by the Postal Service, and, therefore, were presumably received by Defendants. The Court has received no indication from the Postal Service or any other source that Defendants failed to receive the mailed First and Second OTSC. Thus, there is clear and convincing evidence that Defendants received knowledge of the valid Orders entered in this case.

Finally, the Court finds that Defendants disobeyed the aforementioned Orders. Given that they had knowledge of the Information Subpoenas as well as the Enforcement Order and First and Second OTSC, Defendants were obligated to comply with same. At this juncture, there is no evidence that Defendants made any effort to comply with the aforementioned Orders. Instead, to date, they have failed to respond or comply in any way. As such, the Court finds that clear and convincing evidence exists to support that Defendants were served with at least four valid court Orders, had knowledge of these Orders, and repeatedly disobeyed and disregarded them.

## III.   Conclusion

In light of the foregoing, and the Court having considered this matter pursuant to Rule 78;

IT IS on this 24th day of October, 2022,

RECOMMENDED that the District Court issue an Order to Show Cause to Defendants, requiring them to appear on a date certain that is convenient for the District Court to show cause before the District Court why they should not be held in contempt; and it is further

RECOMMENDED that should Defendants fail to appear as directed in the District Court's Order to Show Cause, that the District Court issue a warrant for Defendant Vitaly Fargesen's arrest and hold him in custody until Defendants purge themselves of their contempt; and it is further

ORDERED that the Clerk of Court activate this Report and Recommendation; and it is further

ORDERED that pursuant to Rule 72(b)(2) any person who has an objection to the proposed findings and recommendations set forth herein has **14 days** after being served with a copy of this Report and Recommendation to file specific written objections; and it is further

ORDERED that the Clerk of the Court mail copies of this Report and Recommendation to Defendants by both Regular Mail as well as Certified Mail, Return Receipt Requested, at the following address:

> Mr. Vitaly Fargesen
> 62 Winged Foot Drive
> Manalapan, New Jersey 07726

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**